UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| G.M. SIGN, INC., <br><br> Plaintiff, <br><br> v. <br><br> GROUPE CIRQUE DU SOLEIL, INC., <br><br> Defendant. | Case No. <br> REMOVAL FROM CIRCUIT COURT OF LAKE COUNTY, ILLINOIS |

### NOTICE OF REMOVAL TO FEDERAL COURT BASED ON FEDERAL QUESTION JURISDICTION

Pursuant to 28 U.S.C. §§ 1331, 1367, 1441 and 1446, Defendant, GROUPE CIRQUE DU SOLEIL, INC., by and through its attorneys, Eric L. Samore, Molly A. Arranz and Erin A. Walsh of SmithAmundsen LLC, hereby submits this Notice of Removal to the United States District Court for the Northern District of Illinois, Eastern Division, of the above-styled action, pending as Case No. 09 CH 3518 in the Circuit Court of the 19th Judicial Circuit, Lake County, Illinois. In support of this petition and as grounds for removal, Defendant states as follows:

1. On or about August 27, 2009, Plaintiff, G.M. Sign, Inc. ("Plaintiff") filed this action in the Circuit Court of Lake County, Illinois styled, G.M. Sign, Inc. v. Groupe Cirque du Soleil, Inc., Case No. 09 CH 3518. (Defendant attaches as **Exhibit A** to this Notice of Removal to Federal Court based on Federal Question Jurisdiction a copy of the Summons, Class Action Complaint and Motion for Class Certification.) No proceedings have occurred in the Circuit Court of Lake County as of the date of this removal.

2. The original Summons was dated August 27, 2009 and declared the following: "This summons may not be served later than 30 days after its date."

3. On or about November 19, 2009, eighty-five days after the date of the Summons, Defendant received Plaintiff's Class Action Complaint, Motion for Class Certification and

1

Summons from the Direction du droit administratif et privé, Ministère de la Justice du Québec in the mail. (**Exhibit A.**)[1]

4. The Class Action Complaint alleges three causes of action based on an alleged transmission from Defendant to Plaintiff of a purported unsolicited facsimile advertisement. Specifically, the Class Action Complaint contains the following claims: violation of the Telephone Consumer Protection Act, 47 U.S.C. Section 227 ("TCPA"); conversion; and violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2 ("ICFA"). Plaintiff brings these claims on behalf of a class of persons. (*See* **Exhibit A.**)

5. This case is a civil action of which the United States District Court for the Northern District of Illinois has original jurisdiction under the provisions of 28 U.S.C. § 1331 because Plaintiff has alleged a cause of action under the TCPA, as indicated by not only Count I but by the "Preliminary Statement" of the Class Action Complaint. *See Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449-51 (7th Cir. 2005).

6. Removal to this federal court is authorized by 28 U.S.C. § 1441. The Seventh Circuit has held in another TCPA-based lawsuit that TCPA actions are removable under 28 U.S.C. § 1441 because a claim pursuant to the TCPA arises under federal law. *Brill*, 427 F.3d at 449-51 (stating that removal of the TCPA action was authorized by Section 1441 and allowed by 47 U.S.C. § 227(b)(3)).

7. This Court has supplemental jurisdiction over Plaintiff's ICFA and conversion claims because they form part of the same case or controversy as the alleged TCPA violation. *See* 28 U.S.C. § 1367. Plaintiff's claims do not raise novel or complex issues of Illinois law nor do Plaintiff's state law claims predominate over its federal TCPA claim. *See* 28 U.S.C. § 1367(c). This Court also has supplemental jurisdiction over plaintiff's state law claims pursuant

---

[1] Defendant reserves the right to contest the validity of the Summons.

2

to 28 U.S.C. § 1441(c).

8. There are no other defendants named in this action.

9. At the time of filing this Notice of Removal to Federal Court, no other processes, pleadings, or orders, other than the documents attached hereto, have been served upon Defendant. Plaintiff has not yet requested a trial by jury as indicated by the Class Action Complaint.

10. This Notice of Removal is timely, in accordance with 28 U.S.C. § 1446(b), as it is filed within 30 days after Defendant was served with the Summons and Class Action Complaint, which sets forth the claims upon which the Notice of Removal is based. *See Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).

11. Venue lies in the United States District Court for the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. § 1446(a), because the action was filed in the Circuit Court of Lake County, Illinois, is located within this District and Division.

11. Written notice of this Notice of Removal is being served upon Plaintiff, and a copy of the Notice of Removal is being filed with the Circuit Court of Lake County, Illinois.

WHEREFORE, for the foregoing reasons, Defendant, GROUPE CIRQUE DU SOLEIL, INC., petitions that the above-entitled action be removed and transferred from the Circuit Court of Lake County, Illinois to the United States District Court for the Northern District of Illinois.

Respectfully Submitted,

By: \_\_\_\_\_/s/ Erin A. Walsh_____
One of the Attorneys for Defendant
GROUPE CIRQUE DU SOLEIL, INC.

Eric L. Samore, ARDC # 6181345
Molly A. Arranz ARDC # 6281122
Erin A. Walsh, ARDC # 6291003
SmithAmundsen LLC

150 North Michigan Avenue, Suite 3300
Chicago, Illinois 60601
Phone: (312) 894-3200
Fax: (312) 894-3210